PER CURIAM.
Tracy Devon Newton petitions this court for mandamus relief in the form of an order compelling the Duval County Circuit Court to rule on an amended motion for DNA evidence examination he filed in July 2011. While the delay in ruling on petitioner’s motion is primarily attributable to the State Attorney rather than the circuit court to which our order will be directed, we grant the petition.
Approximately 40 days after the filing of petitioner’s amended motion, the circuit court entered an order finding the motion to be facially sufficient and directing the State Attorney to respond within 30 days. However, the state did not do so. The circuit court therefore issued a second order in July 2013 again directing the state to respond, and once again the circuit court’s order went unanswered. Most recently, the circuit court issued an order in October 2013, ordering the state for a third time to respond to petitioner’s amended motion.
Under Florida Rule of Criminal Procedure 3.853(c)(2), if the court determines that a motion for postconviction DNA testing is facially sufficient, “the prosecuting authority shall be ordered to respond to the motion within 30 days or such other time as may be ordered by the court.” Rule 3.853(c)(3) then provides that “[u]pon receipt of the response of the prosecuting authority, the court shall review the response and enter an order on the merits of the motion or set the motion for hearing.” Here, the circuit court promptly complied with its obligation under rule 3.853(c)(2) to determine the facial sufficiency of the motion and order the prosecuting authority to respond. The “prosecuting authority,” however, has been derelict in discharging its responsibilities.
Accordingly, while the circuit court cannot be faulted for failing to enter a ruling on petitioner’s amended motion since it has not yet received the state’s response, it is equally clear that petitioner is entitled to have his motion disposed of in a reasonably prompt fashion. If that requires the circuit court to employ coercive measures or sanctions to ensure compliance with its orders directing the filing of a response by the State Attorney, that is a matter well within its authority. We therefore GRANT the petition for writ of mandamus, direct the circuit court to take such measures as are necessary to ensure the filing of a response to petitioner’s amended motion if one has not yet been filed, and order it to enter an order on the merits of the amended motion or set the amended motion for hearing within 60 days following filing of the state’s response or issuance of this opinion, whichever is later.
LEWIS, C.J., BENTON and SWANSON, JJ„ concur.